# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERGULF CONSTRUCTION CORPORATION, a California corporation, formerly known as INTERGULF DEVELOPMENT (KETTNER) CORPORATION,<br><br>Plaintiff,<br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY; and DOES 1 through 500, inclusive,<br><br>Defendants. | CASE NO. 14cv1911-LAB (BGS)<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION;**<br><br>**ORDER DENYING MOTION TO SHORTEN TIME;**<br><br>**ORDER DENYING MOTION TO STAY; AND**<br><br>**ORDER DENYING MOTION TO DISMISS COUNTERCLAIM** |

This case arises out of a contract dispute. Intergulf Construction Corporation filed this action against Defendant Hartford Casualty Insurance Company, alleging among other things, breach of contract. Hartford then filed a counterclaim, followed by a motion to compel arbitration and motion to stay proceedings.

**I.     The Dispute**

Intergulf is an owner-developer of real property. In 2003, it began constructing one of its residential buildings (the "Project"), and subcontracted waterproofing work to Peter Ross. Intergulf's subcontractors were eligible to enroll in the Owner Controlled Insurance Program ("OCIP"), which Aon Risk Services brokered, and Everest Insurance Company issued. All subcontractors, like Ross, were eligible to enroll in the OCIP, as provided in the Ross-

Intergulf contract (the "Contract"). Intergulf deducted $12,914 from Ross's Contract payments and paid it toward the OCIP because it believed Ross was enrolled in it. (Docket no. 15 (Intergulf Opp'n), 6:13–15.) Based on these deductions, and the Contract language, Ross believed that Intergulf agreed to insure him. (Docket no. 9-1 (Hartford Mot.), 2:18–28.)

After completing the Project, the residential building's homeowners association filed a state-based action for construction defects against Intergulf and its subcontractors, including Ross. The OCIP went into effect, and Intergulf assured Hartford that the OCIP covered Ross. Intergulf eventually settled with the homeowners on behalf of the OCIP's participants, and excluded Ross from the settlement. Hartford then, on Ross's behalf, defended, negotiated, and settled all claims the homeowner's filed against Ross.

Ross later assigned to Hartford its OCIP rights under the Contact, and pursuant to the Contract, Hartford filed an Arbitration Demand. Intergulf then filed this action. Hartford now moves to compel arbitration to determine whether the OCIP covered Ross under the Contract. Hartford has conceded that if the claim in chief is subject to arbitration, its counterclaim is also subject to arbitration. (Docket no. 14, 5:9–11.)

## II. Legal Standards

"Arbitration is a matter of contract, and the [Federal Arbitration Act (FAA)] requires courts to honor parties' expectations." *AT & T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1752 (2011). "Section 2 of the FAA creates a policy favoring enforcement of agreements to arbitrate." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). If the FAA applies to a contract, courts must direct parties to arbitrate disputes involving issues that fall within an arbitration agreement. *See id*. So, a party seeking to compel arbitration under the FAA has the burden to show (1) the existence of a valid, written agreement to arbitrate in a contract, and (2) that the agreement to arbitrate encompasses the dispute at issue. *Cox*, 533 F.3d at 1119; *see also* 9 U.S.C. § 2.

## III. Discussion

Several Contract provisions evidence a valid arbitration agreement, (*see, e.g.,* Docket no. 10-5 at 18, ¶ 20), and neither party disputes that a valid arbitration agreement exists.

Intergulf instead claims that Hartford lacks standing since Ross, not Hartford, was the Contract's signatory.

In California, "[a] contract may bind non-parties such as an intended third party beneficiary, an agent, or an assignee." *Comedy Club, Inc. v. Improv West Assoc.*, 553 F.3d 1277, 1287 (9th Cir. 2009).

As Ross's assignee to his contract claims—a fact that Ross has demonstrated (Docket no. 9-3, Ding Decl., ¶ 2) and Intergulf doesn't dispute—Hartford steps into Ross's shoes, and has the right to demand arbitration as Ross would. *See Superior Energy Serv., LLC v. Cabinda Gulf Oil Company Ltd.*, 2013 WL 6406324, at *8 (N.D. Cal. Dec. 6, 2013). Because Hartford has the right to compel arbitration as Ross's assignee, the Court need not address Intergulf's subrogation theory of standing.

The parties also agree that the core dispute rests on whether Ross was covered by the OCIP. (*See* Docket no. 15, 4:12–13 ("[T]he central issue raised in the arbitration and in the current bad faith action is whether the OCIP is applicable.")). And further, the parties agree that the Contract covers the OCIP. (To the extent Hartford argues that more than $12,914 is owed under the Contract, this issue goes to the merits and can only be decided by an arbitrator. *See United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 585 (1960).

Intergulf's remaining argument that Everest and Aon are "necessary and indispensable parties" lacks merit. Intergulf argues that because Everest and Aon ultimately decided to exclude Ross from the OCIP, their interests will be prejudiced unless they're parties to the arbitration proceedings. But Hartford is seeking relief against Intergulf only; Aon and Everest are non-parties to the Contract. *See Comedy Club*, 553 F.3d 1277, 1287 (noting "generally arbitration clauses and contracts do not bind non-parties in the absence of such extraordinary relationships" like third party beneficiaries, agents, or assignees). Arbitration between Hartford and Intergulf would be limited to interpreting the Contract's OCIP, and resolving this issue determines whether Ross was entitled to coverage. Whether Intergulf wishes to separately hold Aon and Everest liable for their actions, is irrelevant to

Intergulf's own obligations under the Contract. And while it may be true that Aon and Everest may need to serve as witnesses at some point of the proceedings, this does not make them "indispensable" parties. *See, e.g, Costello Pub. Co. v. Rotelle*, 670 F.2d 1035, 1044 (D.C. Cir. 1981) (emphasizing "the question of whether or not an entity or individual should be a party to an action is something quite different from the questions and problems associated with obtaining evidence from such an entity or individual").

Because the Contract has both a valid arbitration provision and encompasses the disputed issue, the Court finds the arbitration agreement enforceable. An arbitrator may appropriately determine issues related to the OCIP.

Because it is unclear how long arbitration might take and whether there will be any claims left after arbitration that the parties will need or want to pursue, the Court is inclined to dismiss this case rather than stay it. It will be dismissed without prejudice to the refiling, after arbitration is completed, of any claims not arbitrated.

**IV.    Conclusion**

For these reasons, the Court finds both Intergulf's claims and Hartford's counterclaims are subject to adjudication, and **GRANTS** the motion to compel arbitration. Within **seven court days from the date this order is issued**, Hartford shall submit a proposed order in editable electronic form, requiring arbitration of both parties' claims, copying Intergulf on the email.  The motion to shorten time (Docket no. 10) and the motion to dismiss the counterclaim (Docket no. 13) are **DENIED AS MOOT**. The motion to stay is **DENIED**; when the order compelling arbitration is issued, this action will be dismissed without prejudice.

**IT IS SO ORDERED**.

DATED: September 8, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge